Howell, J.
The plaintiff has appealed from a judgment against him in a suit brought by him as master and owner of the steamer Robert E. Lee, to injoin the city of New Orleans from levying on the *17 said vessel certain charges called levee dues, and to recover the amount paid by said vessel within the twelve months preceding the institution of the suit, and certain alleged damages.
The claim of the city for the charges against the vessel is based on the second article of “an ordinance to regulate the levee dues and wharfage on ships and vessels arriving from sea, and on steamboats, flatboats, etc., arriving at the port of New Orleans,” approved February 11, 1853, and which provides “that from and after the first of January, 1853, the levee dues on all steamboats which shall moor or land in any part of the port of New Orleans shall be fixed as follows: Ten cents per ton, if notin port over five days, and five dollars per day after said five days shall have expired; provided, that boats arriving and departing more than once each week shall pay only seven cents per ton each trip, and boats arriving and departing more than twice each week shall pay only five cents per ton.”
It is contended by plaintiff that this .’dinance is in conflict with the provisions of the federal constitution, v.hich gives to Congress power to regulate commerce with foreign nations, among the several States, and .with the Indian tribes; which declares that no vessels bound to or from one State shall be obliged to enter, clear, or pay duties in another; that no State shall, without the consent of Congress, lay any imposts or duties on imports or exports, except what may be absolutely necessary for executing its inspection laws, and that no State shall, without the consent of Congress, lay aDy duty on tonnage; and also, in conflict , with the laws of Congress and of this State in relation to the admission of Louisiana into the Union.
The same points, supported by the same line of argument as in this, were presented in the the First Municipality v. Peas.. et al., 2 An. 540, and were decided adversely to the position tak , by the plaintiff in this case. It was there held that the authc y of the municipal corporation to impose a wharfage or charge .n vessels moored in the port of New Orleans, to defray the ex mses of the erection and maintenance of wharves and other work necessary for the loading and unloading of vessels, and to secure a cc enient access to them, is not inconsistent with any law of the ,te or United States, or any provision of the federal constitute , and that the courts will not undertake to fix any limit to the amount which the municipal authorities may exact for that purpose; the question of the extent to which this right may be exercised, being purely administrative.
We think these views correct, and strictly applicable to the case, now before us. The “levee dues” under consideration, are not a “duty on tonnage,” nor a regulation of a burden on commerce, nor a duty *18 upon vessels plying between the States, within the contemplation of the constitution ot the United States, but charges as compensation for commercial facilities furnished by the city, and for which, by the common consent of mankind, compensation is paid. 9 R. 332; 9 Wheat. 235. The question of the right to impose such charges, whether under the name of wharfage or levee dues, being judicially determined, the manner and extent of its exercise are left to those to whom the management of the municipal affairs are intrusted, under their responsibility to those whom they represent. The aggregate of charges may, possibly, be largely in excess of the actual necessary expenses during one year, and the very next be insufficient to meet. This will result from the nature of the river banks, the action of the river current, the quality and nature of materials used, the fluctuations of commerce, and many other causes unforeseen and irregular in their operation, and all which show the impossibility of judicial control and regulation of the subject.
Being of opinion that the charges complained of are not in conflict with the provisions of any fundamental or statutory law of the country, and that the policy of their imposition belongs to the consideration of another department of government, it is unnecessary for us to inquire into the other points presented in this case. We think the conclusion of the court a qua correct.
Judgment affirmed.